UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| VINICICESON RAMEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CIVIL ACTION |
| v. ) | |
| ) | |
| CITY OF JONESBORO, GEORGIA, ) | |
| DAWEED YISRAEL, ) | |
| ) | |
| Defendants. ) | |

## **COMPLAINT FOR DAMAGES**

Plaintiff Viniciceson Ramey brings this lawsuit for violations of the Fourth Amendment under 42 U.S.C. § 1983 and Georgia state laws against the City of Jonesboro, Georgia, and its police officer Daweed Yisrael.

### **PARTIES**

1. Plaintiff Viniciceson Ramey is an adult resident of the State of Georgia.

2. Defendant City of Jonesboro, Georgia ("the City") is a Georgia municipality. The City of Jonesboro operates a police department.

3. At all relevant times, Defendant Daweed Yisrael was an officer for the City of Jonesboro Police Department. At all relevant times, Yisrael acted under the color of law.

## JURISDICTION AND VENUE

4. This case presents a federal question under 42 U.S.C. § 1983 and the Fourth Amendment of the Constitution. This Court has subject matter jurisdiction under 28 U.S.C. § 1331.

5. Plaintiff's supplemental state law claims against the Defendants are properly before this Court under 28 U.S.C.A. § 1367.

6. Venue is proper in the Northern District of Georgia, Atlanta Division under 28 U.S.C. § 1391(b) because the action arose within this District and Division.

## FACTUAL ALLEGATIONS

7. On October 30, 2022, Viniciceson Ramey was driving his sister's car in the City of Jonesboro, Georgia. Mr. Ramey's nephew, Jerimiah Caesar, was a passenger in the car.

8. While driving that morning, Mr. Ramey had a minor accident with another vehicle. The two drivers pulled off the side of the road to avoid blocking traffic. Defendant Yisrael, an on-duty police officer employed by the City of Jonesboro, arrived shortly thereafter.

9. Upon arriving, Yisrael briefly spoke with the other driver involved in the accident with Mr. Ramey. That driver then left the scene after Yisrael gave the driver permission to leave.

10. After he allowed the other driver to leave, Defendant Yisrael made contact with Mr. Ramey.

11. Yisrael took Mr. Ramey aside and asked him several questions unrelated to the accident.

12. Among the questions he asked were questions concerning Mr. Ramey's sexual preference and whether Mr. Ramey was gay.

13. When Mr. Ramey resisted Yisrael's advances, Yisrael made statements to Mr. Ramey to the effect that Yisrael could have the motor vehicle towed for lack of motor vehicle insurance.

14. Ramey showed Yisrael his proof of insurance.

15. Yisrael told Ramey to stand alongside his patrol car.

16. At that time, Yisrael forcibly pulled Ramey to his face and forcibly kissed Mr. Ramey.

17. In the midst of this, Yisrael said to Ramey that he would "f**** the shit out of" him.

18. Yisrael offered to provide alcohol and drugs to Mr. Ramey.

19. Ramey asked to leave.

20. In response, Yisrael said, "when [are] you coming to see me," and "let me talk to your pretty ass."

21. During the exchange with Ramey, Officer Yisrael grabbed Ramey's cell phone and sent himself a text message from Ramey's cell phone. The purpose of doing so was so that Officer Yisrael would have Ramey's phone number.

22. Mr. Ramey was finally able to get away from Yisrael and return to his vehicle.

23. Yisrael drove away from the scene, and Mr. Ramey was able to leave.

24. During the traffic stop, Yisrael obtained Ramey's name, address, date of birth, and cell phone number.

25. Following the traffic encounter, Yisrael sent text messages to Mr. Ramey and, among other things, asked that Ramey send him pictures of himself.

26. As a result of the forcible physical contact and subsequent actions in which Yisrael engaged, Mr. Ramey was shocked, embarrassed, frightened, and emotionally harmed.

27. All of the actions of Mr. Yisrael as described in this Complaint were undertaken in the course and scope of Mr. Yisrael's occupation and employment as a police officer working for the City of Jonesboro.

<u>*City of Jonesboro's Waiver of Sovereign Immunity*</u>

28. At all times pertinent hereto, and throughout the month of October 2023, the City of Jonesboro contracted to purchase and did purchase indemnification

insurance which provides for coverage of the City of Jonesboro and its employees for claims arising from the actions of such employees.

29. The City of Jonesboro insurance policy is with Travelers Insurance and effective for the period of time beginning January 1, 2022, through January 1, 2023.

30. The policy of insurance extends coverage to liability arising by virtue of actions taken by officers of its police department.

31. None of the policy's exclusions or exceptions apply to Plaintiff's claims.

32. The policy of insurance extends coverage to the actions of Defendant Daweed Yisrael alleged in this Complaint.

## COUNT I
*Violation of Plaintiff's Fourth Amendment under 42 U.S.C. § 1983 against Defendant Yisrael*

33. The actions described above taken by Mr. Yisrael constituted the use of excessive force in contravention of the Fourth Amendment of the United States Constitution and thereby subject Mr. Yisrael to liability in his individual capacity for such misconduct.

34. Mr. Yisrael's forcible sexual assault upon Mr. Ramey was not undertaken for any legitimate law enforcement purpose and was constitutionally unreasonable.

## COUNT II
*Assault and Battery under O.C.G.A. §§ 51-1-13 and 51-1-14*

5

*against Defendant Yisrael and City of Jonesboro*

35. The actions taken by Yisrael, as described above, constituted unlawful assault and battery under the laws of the State of Georgia.

36. Such actions give rise to liability on the part of the Defendant, City of Jonesboro, for Yisrael's assault and battery by operation of Georgia law because the City is liable for the actions of Yisrael due to its waiver of sovereign immunity through the purchase of insurance.

## COUNT III
*Expenses of Litigation under O.C.G.A. § 13-6-11 against Defendants Yisrael and City of Jonesboro*

37. Defendants have acted in bad faith, have been stubbornly litigious, and have caused Plaintiff unnecessary trouble and expense within the meaning and purpose of O.C.G.A. § 13-6-11, and as a result, Plaintiff seeks recovery of his expenses of litigation, including attorney fees, from both Defendants.

*Requested Relief*

Plaintiff prays that this Court:

a) hold a trial by jury upon all of the issues so triable;

b) award compensatory and special damages against Defendants in an amount to be proven at trial;

c) award punitive damages against Defendant Yisrael;

d) award attorneys' fees against Defendant Yisrael under 42 U.S.C. § 1988;

e) award attorneys' fees against both Defendants under O.C.G.A. § 13-6-11

f) tax the costs of this action against Defendants;

g) award such other and further relief to which Plaintiff is legally entitled, whether explicitly pleaded or not, and as this Court deems just and equitable.

Respectfully submitted on November 9, 2023.

**Brian Spears**
Georgia Bar No. 670112

**Jeff Filipovits**
Georgia Bar No. 825553

SPEARS & FILIPOVITS, LLC
315 W. Ponce de Leon Ave., Ste. 865
Decatur, Georgia 30030
404-905-2225
jeff@civil-rights.law
wingo@civil-rights.law
bspears@civil-rights.law

**Wingo F. Smith**
Georgia Bar No. 147896

**Eugene Felton, Jr.**
Bar No. 257840

SEAY/FELTON, LLC
260 Peachtree Street, NW
Suite 1001
Atlanta, GA 30303
Tel. 404-902-6444
efelton@sftriallawyers.com